UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ERIC C. JOHNSON,<br><br>   PLAINTIFF,<br><br>V.<br><br>ADP SCREENING AND SELECTION SERVICES, INC. AND ROBERT HALF INTERNATIONAL, INC.,<br><br>   DEFENDANTS. | CIVIL NO. 10-1643 (JMR/AJB)<br><br><br><br>**REPORT & RECOMMENDATION** |

---

Thomas J. Lyons, Sr, Lyons Law Firm, P.A., 367 Commerce Court, Vadnais Heights, MN 55127;

Trista M. Roy, Consumer Justice Center PA, 367 Commerce Court, Vadnais Heights, MN 55127 (for Plaintiff);

Kurt J. Erickson and Antone M. Melton-Meaux, Jackson Lewis LLP, 225 South 6th Street, Suite 3850, Minneapolis, MN 55402 (for Defendant ADP Screening and Selection Services, Inc.);

Dayle Nolan and Julia H. Halbach, Larkin Hoffman Daly & Lindgren Ltd, 7900 Xerxes Avenue South, Suite 1500, Minneapolis, MN 55431-1194 (for Defendant Robert Half International, Inc.).

---

## I. INTRODUCTION

  This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, on Defendant ADP Screening and Selection Services, Inc.'s Motion for Partial Dismissal for Failure to State a Claim and Motion for a More Definite Statement [Docket No. 12]. Defendant's prayer for dispositive relief has been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.2(b). [Docket No. 18.] Therefore, this Report and Recommendation only addresses the dispositive aspects of Defendant ADP Screening and Selection Services, Inc.'s Motion. A hearing was held on the motion on August 2,

1

2010. A hearing was held on the motion on August 2, 2010. Thomas J. Lyons appeared on behalf of Plaintiff. Kurt J. Erickson and Antone M. Melton-Meaux appeared on behalf of Defendant ADP Screening and Selection Services, Inc.

For the reasons set forth below, **IT IS HEREBY RECOMMENDED** that Defendant ADP Screening and Selection Services, Inc.'s Motion for Partial Dismissal for Failure to State a Claim and Motion for a More Definite Statement be **GRANTED** as provided herein.

## II. BACKGROUND

This action stems from a criminal background check and a credit report concerning Plaintiff Eric C. Johnson that was compiled by Defendant ADP Screening and Selection Services, Inc. (Defendant ADP) and provided by Defendant ADP to Plaintiff's potential employer. Plaintiff filed his complaint on April 16, 2010. [Docket No. 1.] Defendant ADP Screening and Selection Services, Inc. (Defendant ADP) was served with the summons and Complaint on April 26, 2010. [Docket No. 2.]

Plaintiff alleges in his Complaint as follows: Sometime between April 1 and April 4, 2008, Defendant ADP inaccurately reported to Plaintiff's potential employer that Plaintiff had been convicted of felony possession of a controlled substance in Navarro County, Texas. Plaintiff contacted Defendant ADP and disputed the report. On April 21, 2008, Defendant ADP sent Plaintiff a letter acknowledging the receipt of Plaintiff's dispute and confirmed that the felony conviction from Navarro County, Texas did not belong to him.

Plaintiff further alleges as follows: Plaintiff applied for two positions with Defendant Robert Half International, Inc. Sometime in February 2010, Defendant ADP inaccurately reported to Defendant Robert Half International, Inc. that Plaintiff had three convictions from Fairfax County Virginia, that Plaintiff was a convicted, registered sex offender in Virginia,

Missouri, and Wisconsin, and that Plaintiff had been convicted of a weapons offense, fraud, and DWI in Texas. As a result of this inaccurate report, Defendant Robert Half International, Inc. informed Plaintiff that he was disqualified from employment.

Based upon these factual allegations, Plaintiff brought the present suit and asserted two claims against Defendant ADP: violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* and defamation. Defendant ADP filed its Answer in conjunction with its Motion for Partial Dismissal for Failure to State a Claim and Motion for a More Definite Statement, arguing (1) any assertion of defamation based upon Defendant ADP's criminal background report from April 2008 is barred by the statute of limitations; (2) Plaintiff's request for attorney's fees is barred as a matter of law; and (3) Plaintiff's defamation claim is vague and ambiguous. Plaintiff opposes Defendant ADP's motion in part.

### III. DISCUSSION

A complaint should be dismissed when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Plaintiff failed to file and serve his complaint and summons within the two years statute of limitations, Minn. Stat. § 541.07, and therefore, Plaintiff cannot state a defamation claim upon which relief can be granted premised upon the April 2008 criminal background report. *See, e.g.*, *Savage v. United States*, 450 F.2d 449, 451 (8th Cir. 1971). Plaintiff does not oppose this conclusion because he contends that he is not asserting a defamation claim premised upon the April 2008 criminal background report. (Pl.'s Mem. in Opposition, 2 (July 12, 2010).)

Likewise, Plaintiff cannot assert a claim for attorney fees based upon defamation. "[I]t is well-settled that attorney fees are not recoverable in Minnesota unless there is a statutory authorization or a contractual agreement allowing them to be recovered." *In re Margolis*

*Revocable Trust*, 765 N.W.2d 919, 928 (Minn. App. 2009). There is no statute providing for recovery of attorney fees for defamation. Plaintiff concedes this point within his memorandum of law. (Pl.'s Mem. in Opposition, 2.)

This Court recommends that Defendant's Motion to Dismiss be granted in so far as it be ordered that Plaintiff's Count II is dismissed with prejudice to the extent that it asserts claims premised upon the acts described in paragraphs 6 through 14 of the Complaint, with the proviso that the order should not be interpreted to preclude discovery of or exclude evidence described in paragraphs 6 through 14 of the Complaint if such evidence is relevant to Plaintiff's remaining causes of actions. This Court recommends that Defendant's Motion to Dismiss also be granted in so far as it be ordered that Plaintiff's Count II is dismissed with prejudice to the extent that Plaintiff asserts that he is entitled to attorney's fees. (Compl. ¶ 53.)

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant ADP Screening and Selection Services, Inc.'s Motion for Partial Dismissal for Failure to State a Claim and Motion for a More Definite Statement [Docket No. 12] be **GRANTED** as follows:

1. Plaintiff's Count II be dismissed with prejudice to the extent that it asserts claims premised upon the acts described in paragraphs 6 through 14 of the Complaint, but the dismissal shall not be interpreted to preclude Plaintiff from pursuing discovery relevant to and offering evidence described in paragraphs 6 through 14 of the Complaint if such evidence is relevant to Plaintiff's remaining causes of actions.

2. Plaintiff's Count II be dismissed with prejudice to the extent Plaintiff asserts that he is entitled to attorney's fees.

Dated: 8/17/10

s/ Arthur J. Boylan
Magistrate Judge Arthur J. Boylan
United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before September 2, 2010 .