**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO. 10-CV-01643 DSD/AJB**

Eric C. Johnson,

      Plaintiff,

v.

ADP Screening and Selection Services, Inc.; and Robert Half International, Inc.,

      Defendants.

**DECLARATION OF LEONARD A. BENNETT**

My name is Leonard A. Bennett and I make the following statement with regard to the above-entitled matter upon my own knowledge and under oath:

1. I am an attorney licensed in Virginia and North Carolina, and admitted to the United States Supreme Court, the 2nd, 4th, and 9th Circuits and numerous United States District Courts. I have been practicing consumer law since I was first admitted in 1994. I am on the Board of Directors of the National Association of Consumer Advocates, have testified before Congress regarding the Federal fair Credit Reporting Act on multiple occasions, speak frequently in this field and am a contributing author to the primary treatise in this field, the National Consumer Law Center's *Fair Credit Reporting*.

2. I have litigated numerous FCRA cases enforcing the consumer protections as regard employers under 15 U.S.C. § 1681b(b)(3). For example, I was lead counsel in the *Beverly v. Walmart* and *Williams v. Telespectrum* cases cited by Plaintiff in his brief. I am familiar

1

with the typical discovery necessary in such cases and the patterns of employer hiring procedures such discovery often reveals.

3.    I do not have a financial interest in the outcome of this case and am not retained as an attorney in it.

4.    I have reviewed the positions of the parties on Summary Judgment and the documents related to the motion. I have agreed to be bound by the Protective Order in the case.

5.    The ADP consumer report provided to the Plaintiff is typical of such reports in that it shows indications of an automated hiring protocol or pre-determined procedure that automatically disqualifies an applicant if a particular record is discovered. This was, for example, what was used by Wal-Mart in *Beverly*.

6.    In cases that I have previously litigated, I would not have been able to establish a violation of the FCRA, or even to substantially understand and prove the system, procedures used, or dates of action and notice by an employer without significant substantive discovery. The discovery I would need would include testimony and evidence to fully explain the employment decisioning process – theoretically and as regards the named Plaintiff – and all dates of activity behinds the scenes of the formal notice process.

I declare under penalty of perjury that the testimony in this Declaration is true and accurate to the best of my knowledge.

s/ Leonard A. Bennett<br>Leonard A. Bennett

Declared on the 12th day of November, 2010.