UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 10-1643(DSD/AJB)

Eric C. Johnson,

        Plaintiff,

v.                                                    **ORDER**

ADP Screening and Selection
Services, Inc.; and Robert
Half International, Inc.,

        Defendants.


    Trista M. Roy, Consumer Justice Center P.A., 367 Commerce
    Court, Vadnais Heights, MN 55127, counsel for plaintiff.

    Kurt J. Erickson, Esq., Antone M. Melton-Meaux, Esq. and
    Jackson, Lewis LLP, 225 South Sixth Street, Suite 3850,
    Minneapolis, MN 55402, counsel for defendant ADP.

    Daniel J. Ballintine, Esq., Dayle Nolan, Esq., Julia H.
    Halbach, Esq. and Larkin, Hoffman, Daly & Lindgren, Ltd.,
    7900 Xerxes Avenue South, Suite 1500, Minneapolis, MN
    55431, counsel for defendant Robert Half International,
    Inc.



    This matter is before the court upon the motion for summary

judgment by defendant Robert Half International, Inc. (RHI). Based

on a review of the file, record and proceedings herein, the court

grants the motion.


                        **BACKGROUND**

    This employment dispute arises out of the disqualification of

plaintiff Eric C. Johnson from consideration for employment

placement by RHI. RHI is an employment agency that maintains a

database of eligible candidates.  Companies with staffing needs contact RHI, which then presents candidates for consideration.  The companies then decide which, if any, of the candidates meet their needs and hire accordingly.

Johnson completed an online application to become a candidate with RHI in late January or early February 2010.  See Johnson Aff. ¶ 1; Kwapick Aff. Ex. A.  RHI interviewed Johnson on February 10, 2010.  Johnson Aff. ¶ 2.  RHI used defendant ADP Screening and Selection Services, Inc. (ADP) to produce a background report on Johnson.  Cf. Kwapick Aff. Ex. B (signed authorization dated 1-27-10).  The ADP report stated that Johnson had numerous criminal convictions in Minnesota, Texas and Virginia.  See id. Ex. C.  On February 11, 2010, RHI sent Johnson a letter stating that it had placed his application on hold as a result of the ADP report.  See Johnson Aff. Ex. 1.  The letter included a copy of the ADP report and a summary of rights under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 – 1681x .  Id.  It further stated that Johnson could contact ADP to dispute the information, and that Johnson had ten business days in which to submit a revised report to RHI.  Id.

Thereafter, Johnson contacted ADP and RHI to dispute the report.  On February 24, 2010, Johnson again contacted ADP.  ADP told him that it had no information about its investigation of the disputed records, and that the investigation might take thirty days.  On February 25, 2010, RHI sent a letter to Johnson stating

that he had been disqualified as a candidate.  See id. Ex. 3.  On
March 2, 2010, ADP sent letters to Johnson indicating that it had
determined that the criminal records from Texas and Virginia would
be removed from his report.  See id. Ex. 4.  ADP also informed RHI
of the results of the investigation.  RHI decided not to overturn
its decision to disqualify Johnson.

On April 16, 2010, Johnson began this action against RHI and
ADP, claiming that both defendants violated the FCRA and that ADP
defamed him.  On July 19, 2010, the court issued a scheduling order
regarding discovery.  On July 23, 2010, RHI provided Rule 26(a)(1)
disclosures.  See Ballintine Supplemental Aff. Ex. D.  Following
a protective order, on August 24, 2010, RHI provided additional
disclosures, including documents related to Johnson's application,
background check and RHI's policies regarding criminal background
checks.  See id. ¶ 6, Ex. E.  On September 21, 2010, RHI notified
Johnson that it had scheduled a hearing for a motion for summary
judgment on December 3, 2010.  Johnson served his first set of
interrogatories and requests on RHI on October 21, 2010.[1]  The
motion for summary judgment came before the court for argument on
December 3, 2010.  The court now considers the motion.

---

[1] RHI claims that Johnson sent interrogatories and requests to
ADP on August 9, 2010.  See Ballintine Supplemental Aff. Ex. C.
The court does not consider the document, however, because it
appears that Daniel J. Ballintine has no personal knowledge or
other basis with which to authenticate it.  See Stuart v. Gen.
Motors Corp., 217 F.3d 621, 635 n.20 (8th Cir. 2000).

**DISCUSSION**

## I.   Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c);[2] see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a plaintiff cannot support each essential element of his claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

---

[2] The court cites the Federal Rules of Civil Procedure in effect at the time of the motion. Changes effective December 1, 2010, do not affect the outcome of this case.

## II.  Additional Discovery

Summary judgment is premature when a party shows by affidavit that, for specified reasons, he cannot present facts essential to justify its opposition.  Fed. R. Civ. P. 56(f).  Discovery need not be complete for a motion for summary judgment, but the nonmoving party must have a fair chance to respond to the motion.  Ballard v. Heineman, 548 F.3d 1132, 1137 (8th Cir. 2008).

Johnson argues that he cannot present essential facts because RHI had not responded to his interrogatories and requests for admissions at the time it brought the instant motion. Specifically, Johnson argues that he does not have information about the policies and procedures of RHI regarding use of criminal convictions, timing of decisions and FCRA compliance; the identity of the person who selected the candidates relevant to Johnson and what the status "on hold" means.  See Roy Aff. ¶ 4.  RHI responds that Johnson has had sufficient time in which to conduct discovery and that the additional evidence he seeks is not material to the instant motion.

The August 2010 document disclosures appear to provide some of the information Johnson claims is unavailable and essential to him. Moreover, Johnson waited for nearly three months after the scheduling order to seek discovery from RHI, and a full month after

RHI notified him that it had secured a hearing date for a summary judgment motion.  He cannot now use Rule 56 as a shield for his delay in commencing active discovery.

Moreover, the facts that Johnson asserts are essential are not necessary to his opposition of this motion.  Johnson claims that RHI violated 15 U.S.C. § 1681b(b)(3).  Section 1681b(b)(3) requires a person intending to take an adverse employment action based on a consumer report to provide a copy of the report and a description of FCRA rights.  See 15 U.S.C. § 1681b(b)(3)(A). Johnson claims that RHI took adverse actions against him on January 27, through an automated system, and on February 11, when RHI notified him that it was placing his application on hold due to the background report.

Johnson's speculation that RHI made a decision or took an adverse action on January 27 is unsupported.  The face of the ADP report contradicts an inference that RHI took action before February 11.  The report states that the only offense that "does not meet policy" was from Texas, and that the Texas report was completed on February 10, 2010.  See Kwapick Aff. Ex. C, at 28. Each of the other criminal reports "meet[] policy." Id.  Further, even if RHI made an automated internal decision, it is not an adverse action for purposes of the FCRA.  See Obabueki v. Int'l Bus. Mach. Corp., 145 F. Supp. 2d 371, 392 (S.D.N.Y. 2001).

The February 11 decision to place the application on hold is not an adverse action.  The FCRA requires "the person intending to

take such adverse action" to notify the consumer that he has a right to dispute the contents of his file.  Thus, the FCRA places an employer in a position where it cannot hire and cannot reject an applicant: it must give notice that it intends to reject him.  In other words, it cannot act and must place the application "on hold."  In this case, placing Johnson's application on hold was favorable to him, because it gave him an opportunity to dispute the report.  See id. § 1681a(k)(1)(B)(ii).  Therefore, for these additional reasons, Johnson has not shown that material, essential facts are unavailable to him or that he cannot fairly respond to the instant motion, and the court proceeds to address the motion.

## III.  FCRA

Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Poehl v. Countrywide Home Loans, Inc., 528 F.3d 1093, 1096 (8th Cir. 2008) (quoting Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007)).  The FCRA is not an employment statute, but it imposes a duty on employers to provide prospective employees with information about their consumer reports.  Thus, before a person takes an adverse employment action against a consumer based "in whole or in part" on a consumer report, the person "intending to take such adverse action shall provide to the consumer to whom the report relates ... a copy of the report; and ... a description in writing of the rights of the consumer ....."  15 U.S.C.

§ 1681b(b)(3)(A).  There is no dispute that RHI provided Johnson with a copy of his consumer report and notified him of his FCRA rights before disqualifying him on February 25, 2010.

Johnson argues that RHI violated the FCRA by disqualifying him fourteen days (ten business days) after it sent the required FCRA notice.  RHI argues that the FCRA has no waiting period.  The court construes remedial statutes such as the FCRA liberally to give effect to the intent of Congress.  In so doing, however, the court must always consider "the precise language used to define a law's parameters."  Dush v. Appelton Elec. Co., 124 F.3d 957, 961 (8th Cir. 1997).  Here, the FCRA only requires a person intending to take adverse action to provide a copy of the consumer report and FCRA rights before taking action.  It does not mandate a waiting period between the notice and the adverse action.  Nevertheless, Congress's use of the word "before" shows that there must be some time between notice and action.

Johnson next argues that the time between notice and action must be a "reasonable" amount of time, and that the FCRA gives reporting agencies thirty days in which to investigate disputed information.  RHI responds that the statute does not use the word reasonable.  The interpretation of Johnson would create untenable constraints on employers.  If adopted, each time an employer wanted to hire, it would be prevented from acting if the consumer report of any applicant — even one that it had no intention of hiring —

8

contained information that reduced that applicant's competitiveness. The employer would then have to place the entire process on hold and leave the position unfilled until the reporting agency had thirty days to investigate. The interpretation of RHI renders the term "before" meaningless. If adopted, an employer could deliver the notice and then take adverse action within seconds.

The court does not adopt either interpretation, as both lead to absurd results. In this case waiting from February 11 until February 25 provided Johnson ample opportunity to dispute the report, even under a "reasonable" standard. Moreover, the failure of ADP to complete the investigation until March did not prevent Johnson from disputing the report with RHI: as Johnson notes, the criminal records incorrectly list his race as "black." See Kwapick Aff. Ex. C., at 38-47. Nothing in the FCRA requires an employer to consider any correction that a reporting agency might make. Therefore, Johnson has not introduced evidence that RHI violated the FCRA, and his claim fails.

**CONCLUSION**

Accordingly, based upon the above, **IT IS HEREBY ORDERED** that the motion for summary judgment [ECF 59] is granted.

Dated:  February 24, 2011

s/David S. Doty
David S. Doty, Judge
United States District Court