UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 10-1643(DSD/AJB)

Eric C. Johnson,

             Plaintiff,

v.                                                **ORDER**

ADP Screening and Selection
Services, Inc.; and Robert
Half International, Inc.,

             Defendants.


    Trista M. Roy, Consumer Justice Center P.A., 367 Commerce
    Court, Vadnais Heights, MN 55127, counsel for plaintiff.

    Kurt J. Erickson, Esq., Antone M. Melton-Meaux, Esq. and
    Jackson, Lewis LLP, 225 South Sixth Street, Suite 3850,
    Minneapolis, MN 55402, counsel for defendant ADP.

    Daniel J. Ballintine, Esq., Dayle Nolan, Esq., Julia H.
    Halbach, Esq. and Larkin, Hoffman, Daly & Lindgren, Ltd.,
    7900 Xerxes Avenue South, Suite 1500, Minneapolis, MN
    55431, counsel for defendant Robert Half International,
    Inc.


    This matter is before the court upon the motion to amend or

alter judgment by plaintiff Eric C. Johnson.  Based on a review of

the file, record and proceedings herein, and for the following

reasons, the court denies the motion.


**BACKGROUND**

    In this employment action, Johnson sued defendant Robert Half

International, Inc. (RHI) for alleged violations of the Fair Credit

Reporting Act (FCRA), 15 U.S.C. §§ 1681 – 1681x.  RHI is an

employment agency.  Johnson applied to become a candidate for job placement with RHI.  RHI used defendant ADP Screening and Selection Services, Inc. (ADP) to produce a background report about Johnson. The ADP report inaccurately stated that Johnson was black and had criminal convictions in Texas and Virginia.  On February 11, 2010, RHI sent Johnson notice that it had placed his application on hold as a result of the ADP report.  The notice included a copy of the ADP report and a summary of FCRA rights.  The notice stated that Johnson could contact ADP to dispute the information, and that he had ten business days in which to submit a revised report to RHI.

Thereafter, Johnson contacted ADP and RHI to dispute the report.  On February 25, 2010, RHI sent a letter to Johnson stating that he had been disqualified as a candidate.  On March 2, 2010, ADP sent letters to Johnson indicating that it had determined that the criminal records from Texas and Virginia would be removed from his report.  ADP also informed RHI of the results of the investigation.  RHI decided not to overturn its decision to disqualify Johnson.

Johnson sued RHI and ADP.  The court granted summary judgment in favor of RHI on February 24, 2011, and entered separate judgment.  See ECF Nos. 96, 99.  Thereafter, Johnson and ADP stipulated to dismissal of the claims against ADP.  On March 30, 2011, Johnson filed the present motion to amend or alter the judgment.  The court now considers the motion.

## DISCUSSION

"Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." <u>United States v. Metro. St. Louis Sewer Dist.</u>, 440 F.3d 930, 933 (8th Cir. 2006) (citation and internal quotation marks omitted).  The court "has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." <u>Id.</u>

Johnson first argues that the court made a clear error of fact concerning the need to fill the position at issue in this case. Specifically, Johnson argues that the court relied on a mistaken assumption that time was of the essence.  In support, Johnson argues that an answer to a question at oral argument misled the court and that post-motion deposition testimony and discovery responses show that RHI did not have an "immediate need" to fill the position.  Johnson is incorrect.  The court made no such assumption, and discussed a reasonable waiting period and constraints on employers in the context of interpretation of the statute.  Moreover, the court's decision was based on a individualized consideration of this case, and a determination RHI complied with the FCRA, even if the FCRA requires a reasonable time.  Therefore, this argument is without merit.

Johnson next argues that the court decided a disputed fact issue by interpreting the statute.  Johnson asserts that the court

relied on a "general overall presumption about 'constraints on employers' that would be imposed if a "'reasonable' waiting period applied." Pl.'s Mem. 10, ECF No. 103. Johnson misstates the order. Instead, the court determined that RHI complied with the plain language of the FCRA: it gave notice before taking adverse action. Further, the court determined that even if the FCRA requires a "reasonable" waiting period, the uncontested evidence showed that Johnson had both the information and the ability to refute the report. The FCRA does not require RHI to take responsive action, or give particular consideration to an amended report or new information. Therefore, this argument is not a basis for relief.

Lastly, Johnson argues that the court erred in its interpretation of the statute. As the court noted, the FCRA is not an employment statute, but it does impose notice requirements on employers who use credit reports. Nothing in the plain language of the statute suggests that Congress intended to require an employer to wait a "reasonable" time before acting or that it must act on new information received. Were the court to resort to legislative history, to the extent it is useful, it supports the order. Congress considered — and rejected — adding the term "reasonable" to § 1631(b). See H.R. Rep. 103-486, at 4, ECF No. 62-1, Ex. A. Further, Congress contemplated a "reasonable" time period of five business days. Id.

4

Johnson also argues that the court should consider the June 27, 1997, Federal Trade Commission (FTC) staff opinion letter. That letter accords with the interpretation of the court.[1]  See Letter from Clarke W. Binckerhoff to Eric J. Weisberg (June 27, 1997), http://www.ftc.gov/os/statutes/fcra/weisberg.shtm, ECF No. 62-1, Ex. D.  The letter addresses whether the FCRA requires employers to provide notice both before and after an adverse action.  In its discussion of the question, the FTC notes that the purpose of § 1631(b) is "the consumer's right to dispute inaccurate or incomplete information" and that a second disclosure highlights these "most important" rights.  The FTC interpretation, and the fact that Congress highlighted the rights by requiring disclosure *after* an employer takes an adverse action, show that the focus of Congress was consumers and credit-reporting agencies.

In the present case, Johnson had ample opportunity to dispute the inaccurate information with both the credit-reporting agency, ADP, and the prospective employer, RHI.  RHI waited double the waiting time suggested in the legislative history and FTC opinion.  Moreover, the procedures followed by RHI gave effect to the intent

---

[1] The court notes that this letter strongly undermines Johnson's argument.  It states that "the five day period that you proposed" as a waiting period between pre-action disclosure and the adverse action "appears reasonable."  ECF No. 62-1, Ex. D.

of the FCRA: ADP corrected the errors in Johnson's consumer credit report.  Therefore, this argument is without merit, and is not a basis for relief.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the motion to amend or alter judgment [ECF No. 102] is denied.

Dated:  April 6, 2011

s/David S. Doty
David S. Doty, Judge
United States District Court